**IN THE SUPERIOR COURT OF THE STATE OF DELAWARE**

| | | |
|---|---|---|
| STATE OF DELAWARE, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | I.D.: 1810013334A |
| v. | ) | |
| | ) | |
| ANGEL ARBOLAY, | ) | |
| | ) | |
| Defendants | | |

## <u>ORDER FOLLOWING REMAND FROM THE SUPREME COURT</u>

This 7th day of January, 2021 it appears to the Court that:

1. Following a nonjury trial, on July 19, 2019 Angel Arbolay was found guilty of: (1) Possession of Deadly Weapon During the Commission of a Felony; (2) Drug Dealing; (3) Tier One Possession; (4) Operating or Attempting to Operate a Clandestine Laboratory; (5) Tampering with Evidence; (6) Possession of a Controlled Substance; (7) resisting arrest; and (8) possession of Drug Paraphernalia. Mr. Arbolay was declared a Habitual Offender for sentencing purposes and was sentenced pursuant to 11 *Del. C.* §4214(c). On November 15, 2019 defendant was sentenced to a mandatory jail term of 25 years with decreasing levels of probation to follow. On November 25, 2019 a timely notice of appeal was filed with the Delaware Supreme Court on behalf of the Defendant.

2. Before the filing of his opening brief in the Supreme Court, Arbolay filed a motion and affidavit asking to discharge his attorney and to represent himself in

his appeal, notwithstanding his constitutional and statutory right to counsel. Defendant requested that his case be remanded to the Superior Court for an evidentiary hearing so that he could demonstrate that he has made his request to proceed *pro-se* in the Supreme Court knowingly, intelligently and voluntarily.

3. On October 26, 2020 the Delaware Supreme Court remanded this case to the Superior Court with the following instructions to hold an evidentiary hearing to determine:

> (i) Whether Arbolay has retained private counsel to represent him on appeal. If so, the Superior Court's inquiry can end. If not, the Superior Court must determine if Arbolay is an indigent person.
>
> (ii) If Arbolay is indigent, the Superior Court must determine whether he understands his right to court-appointed counsel to assist him on appeal by an inquiry into his educational background and his familiarity, if any, with the criminal justice system, including the trial process. If Arbolay is indigent, he should understand that he must either accept representation on appeal by his present court-appointed counsel or proceed *pro-se*.
>
> (iii) If Arbolay elects to proceed *pro-se*, an inquiry should be made into his decision to waive his right to retain private counsel, or if he is indigent, his decision to waive the assistance of his court-appointed trial counsel, including his explanation for such a decision. This should include the following inquiries:
>
>> (a) Whether Arbolay has consulted with any person, including any other attorney, in the making of his decision to waive his right to counsel. Arbolay may, but he is not required to, identify such persons.
>>
>> (b) Whether Arbolay understands that notwithstanding his lack of legal training, he will be required to comply with all pertinent rules of the Supreme Court.
>>
>> (c) Whether Arbolay understands that notwithstanding his lack of legal training, he will be required to comply with all pertinent rules of the Supreme Court.

(d) Whether Arbolay understands that noncompliance with pertinent rules of the Supreme Court may delay or prejudice his appeal.

(e) Whether Arbolay understands that the allowance of oral argument is discretionary with the Supreme Court, and that the Supreme Court's practice in criminal cases is not to grant oral argument to *pro-se* litigants.

(f) Whether Arbolay understands that if his waiver of counsel is accepted, he will not thereafter be permitted to interrupt or delay the appellate process to secure the assistance of court-appointed counsel simply because he has changed his position.

(g) The Superior Court should make such further inquiries as deemed necessary or desirable in order to formulate a conclusion as to whether Arbolay's decision to proceed *pro-se* is knowing and voluntary.

4. On January 7, 2021 this Court held a ZOOM hearing as was ordered by the Supreme Court.[1] Present were the defendant, Patrick Collins (who the defendant had retained to represent him on his appeal but who the Defendant now wants to discharge) and Deputy Attorney General Michael Cooksey.

5. Based on the entire record, including the testimony taken at the January 7, 2021 hearing, this Court's review of the various filings made by the defendant himself (as opposed to filings made by counsel) to this Court and the Delaware Supreme Court, this Court makes the following findings of fact.

(a) Defendant hired Patrick Collins to represent him on appeal. Defendant wants to discharge Mr. Collins and proceed *pro-se*. Defendant does not want to be represented by court appointed counsel.

(b) Defendant has no assets and cannot afford counsel.

(c) Defendant is indigent. Defendant understands that he must either accept representation on appeal by a court-appointed counsel or proceed *pro-se*.

---

[1] Following a request from this Court, the Defendant consented to a ZOOM evidentiary hearing.

(d) Defendant understands that he has the right to court-appointed counsel to assist him on appeal. Defendant has a GED High School Degree. He has over time been trained as a welder and has run his own business. He has a minimal understanding of the criminal justice system which is based solely on his involvement in it.

(e) Defendant wants to waive his right to retain private counsel and to waive any court appointed counsel. His reason for not wanting counsel is that he lost confidence in counsel and does not believe that his rights are being adequately protected.

(f) Defendant has consulted with another person about waiving his right to counsel.

(g) Defendant understands that the appellate process involves the application of rules of procedure that might be difficult for him to understand.

(h) Defendant understands that even though he has no legal training he will be required to comply with all pertinent rules of the Supreme Court.

(i) Defendant understands that noncompliance with pertinent rules of the Supreme Court may delay or prejudice his appeal.

(j) Defendant understands that oral argument in the Supreme Court is discretionary and that it is the Supreme Court's practice in criminal cases not to grant oral argument to *pro-se* litigants.

(k) Defendant understands that if his waiver of counsel is accepted, he will not thereafter be permitted to interrupt or delay the appellate process to secure the assistance or court-appointed counsel simply because he has changed his mind about wanting to be represented by an attorney.

(l) No one has coerced or forced the defendant to request that he proceed *pro-se* in his appeal.

(m) No one has promised the defendant anything as a result of his decision to proceed *pro-se* in his appeal.

(n) Defendant confirmed that he had no physical or mental condition that prevented him from understanding the Court's questions or impacted his ability to determine whether to proceed *pro-se.*

(o) Defendant fully understands the consequences of his decision to proceed *pro-se* in his appeal before the Delaware Supreme Court.

(p) Defendant's decision to proceed *pro-se* in the Delaware Supreme Court is made knowingly, intelligently and voluntarily.

6. This Court finds that as a matter of law that the Defendant's decision to proceed without the assistance of counsel in the Delaware Supreme Court and to proceed *pro-se* is made knowingly, intelligently and voluntarily.

7. During the hearing the Defendant advised the Court that he is not content to rely upon his previous *pro-se* filings in the Supreme Court as the sole basis of his appeal. He would like the opportunity to file a brief. Due to his limited access to the prison's law library as a result of COVID, Mr. Arbolay would like sixty (60) days to file his brief. Mr. Arbolay understands that the due date for his briefs will be determined by the Delaware Supreme Court and not the undersigned.

**IT IS SO ORDERED.**

_____
Francis J. Jones, Judge

cc:     Patrick Collins, Esquire
        Michael Cooksey, Deputy Attorney General